UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

        Plaintiff,

v.                                                  Case No. 23-cv-1192-bhl

KRISTIN MENZEL, et al.,

        Defendants.

## SCREENING ORDER

On September 8, 2023, Rhoda Stahmann, proceeding *pro se*, filed a complaint against Kristin Menzel, Barbra Pierce, Micheal Fink, and Eric Mullenbach. (ECF No. 1.)[1] That same day, she also filed a motion for leave to proceed without payment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Stahmann's finances are less than clear. She reports $1200 in monthly income from employment. (ECF No. 2 at 2.) Stahmann also indicates receiving support related to her three children, ages nine to seventeen. (*Id.* at 1.) For her eldest son, she receives $452 per month. For her middle daughter and youngest son, she provides no support information but notes she has 50% custody and is unsure of the dollar amount of support she receives. Stahmann also says she is legally married but separated and shares equal physical custody of "both" children. (*Id.* at 4.) In

---

[1] Stahmann's identification of the defendants is confusing. She refers to Defendant Fink as both "Micheal" and "Michelle" Fink. (ECF No. 1 at 6.) Although she does not specifically allege that all defendants are government officials, she describes Defendants Fink and Mullenbach (also spelled "Muellenbach" throughout the Complaint) as "detective[s]" and "law enforcement official[s]." (*Id.*) Defendants Menzel and Pierce are later identified as "D.A. pros[e]cution," presumably members of the Fond du Lac County District Attorney's office. (*Id.* at 8.) The Court will assume all are state actors for screening purposes, but Stahmann should be more specific as to each defendant's role and title if she files an amended complaint.

terms of assets, Stahmann lists a checking account with $5 balance and an IRA and 401K of uncertain value. (*Id.* at 3-4.)

Against this income and assets, she identifies certain expenses. She reports $253 per month in alimony or child support. (*Id.* at 2.) She also identifies monthly cell phone, insurance, and food expenses totaling $250. (*Id.*) Stahmann also claims additional monthly expenses, but does not provide any specifics or provide a dollar amount. (*Id.* at 3.) She also references various additional nonrecurring expenses, including a traffic ticket and $515 in overdraft fees. (*Id.* at 4.)

Based on the information provided, the Court cannot find Stahmann indigent and unable to pay the filing fee. From the concrete figures provided, it appears Stahmann has both positive assets and a positive net income of $245 per month. If accurate, these figures show that Stahmann has sufficient resources to pay the filing fee. Accordingly, her motion will be denied.

At the same time, the Court is not confident in its interpretation of her motion and, indeed, other information she has provided raises questions concerning Stahmann's financial situation. At this point, she *may* have additional expenses that exceed her monthly income; the Court simply cannot tell. The Court's denial of her motion to proceed without prepayment of the filing fee will be *without prejudice*. She may refile her motion with more concrete information concerning her assets, monthly income, and monthly expenses if she wishes. If she refiles, Stahmann should be clear and accurate in the information she provides.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Like her explanation of her finances, Stahmann's complaint does not provide a clear description of the claims she wishes to raise against each defendant. She attaches a 10-page handwritten narrative to her form complaint, but the narrative is often redundant and generally hard to follow. She begins by describing a report she filed with the Fond Du Lac Sheriff's Department on October 21, 2021 concerning a "stolen and cashed stimulus check." (ECF No. 1 at 3.) She then describes "several contacts with law enforcement offic[i]als, to try and get to the conclusion of the crime that was commit[t]ed." She then complains repeatedly that the officials failed to perform their job duties and, in the process, broke the law by committing "fraud upon the court," "providing false statement," and "creating a false accusation against a person." (*Id.*) She also indicates the "[d]etectives failed to use proper procedure, and follow protocol, in obtaining evidence." (*Id.* at 11.) This appears to have culminated in a "charge of obstructing an officer" against Stahmann herself on July 20, 2022. (*Id.* at 6-7.)

In the form attached to her narrative, Stahmann checked a box indicating she is suing Defendants for violating federal law under 28 U.S.C. § 1331 and seeks damages of $2,500,000 per defendant, for a total of $10,000,000, which she claims will "serve the public int[e]rest." (*Id.* at 14.) But she does not identify any specific federal claims. She repeatedly cites Federal Rules of Civil Procedure 60 and 60(b) and uses the words "fraud" "Search and [seizure]" "negligence," "misconduct," "false accusation," and "fail[ure] to protect and [serve]." She also generically asserts violations of her "civil rights." (*Id.* at 9.) Finally, she mentions "Section 971.34," a Wisconsin criminal statute entitled "Intent to defraud."

# ANALYSIS

Stahmann's allegations are insufficient to state claims against any of the defendants she has named. To maintain claims against these defendants, she must provide a "short and plain statement of the claim showing that [she] is entitled to relief" and provide each defendant with "fair notice" of the claim against him or her. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While portions of the Complaint suggest that Stahmann may have grievances against someone, and perhaps the defendants she names, her complaint does not provide enough specifics to allow her to sue any of the defendants or to provide them with fair notice of the specific claim she seeks to assert against them.

Stahmann's repeated references to Federal Rules of Civil Procedure 60 and 60(b) are confusing and are not a legal basis for her claims. Rule 60 provides a means for obtaining relief from a *civil* judgment or order in federal court. *See generally Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792 (7th Cir. 1980) (discussing grounds for relief under Rule 60(b)). But such a motion must be filed in the federal court that issued the judgment or order, and this Court has issued neither. Stahmann's narrative suggests she believes she has been subject to a *criminal* charge that was improperly filed against her in a Wisconsin state court. Rule 60 simply has no application to this scenario.

Stahmann's reference to Wis. Stat. § 971.34 is similarly a nonstarter. As noted above, Section 971.34 is a Wisconsin state law criminal statute. A federal Court has no authority to initiate state criminal charges against the defendants or anyone else. This statute cannot be a basis for Stahmann's lawsuit.

Stahmann's complaint also suggests she may think that one or more of the defendants has deprived her of rights under color of law in violation of 42 U.S.C. § 1983. But which defendants she believes may have violated which of her rights is not clear. She refers to false accusations, illegal search and seizure, and a potential misidentification against her. One or more of these allegations might support a Section 1983 claim against one or more of the defendants, but the complaint does not identify what any specific Defendant might have done that would implicate such a claim. Liability under Section 1983 requires personal involvement by each defendant in a particular violation of plaintiff's rights. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614-15

(7th Cir. 2002). Stahmann's complaint fails to identify specific actions against specific defendants sufficient to support Section 1983 liability or to provide each defendant with fair notice of what he or she is alleged to have done.

Further complicating matters, Stahmann appears to be making claims against Defendants Menzel and Pierce in their official capacities as prosecutors. Such claims are barred; prosecutors are entitled to absolute immunity from civil suit, including Section 1983 claims, in their judicial functions, including "initiation and pursuit of a criminal prosecution." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). It is not clear from Stahmann's complaint precisely what factual allegations she is making against Menzel and Pierce. This lack of clarity renders it impossible for the Court to determine if they are immune from suit.

In the end, Stahmann's complaint is simply too confusing and lacking in detail to state claims against any of the defendants. Given that Stahmann is proceeding without counsel, the Court will, however, allow her the opportunity to file an amended complaint that cures the deficiencies identified in this order. If she decides to proceed with an amended complaint, she should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about her situation. This means that she should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist her in relation to those events. Stahmann should set forth her allegations in short and plain statements, focusing on the *facts* of her case. She should ensure that her amended complaint can be understood by someone who is not familiar with the facts of her case. Stahmann is advised that her amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Stahmann's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, with leave to refile with more detailed information regarding her financial situation.

**IT IS FURTHER ORDERED** that, if Stahmann wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint should state more plainly the basis for Stahmann's claims, including facts that would support a finding that each defendant violated her

rights and describing the injuries she suffered due to those violations. An amended complaint must be filed with the Court on or before **October 22, 2023**. If the Court does not receive Stahmann's amended complaint by that date, the case will be dismissed for Stahmann's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on September 22, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge