UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

        Plaintiff,

v.

                              Case No. 23-cv-1192-bhl

KRISTIN MENZEL, et al.,

        Defendants.

## SCREENING ORDER

On September 8, 2023, Rhoda Stahmann, proceeding *pro se*, filed a complaint against Kristin Menzel, Barbra Pierce, Micheal Fink, and Eric Mullenbach for violations of federal law under 28 U.S.C. § 1331. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without payment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) On September 22, 2023, the Court screened Stahmann's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 5.) The Court concluded that Stahmann had not established her indigency and denied her request to proceed IFP without prejudice, while giving her the chance to refile her motion with more detailed information about her finances that established her indigency. (*Id.*) In that same order, the Court concluded that Stahmann's initial complaint, as drafted, failed to state an actionable federal claim against any defendant. (*Id.*) The Court allowed Stahmann to file an amended complaint if she wished to correct the defects the Court identified and continue the lawsuit. (*Id.*) On October 5, 2023, Stahmann filed an amended complaint, again alleging violations of federal law under Section 1331 by the same defendants.[1] (ECF No. 6.) Stahmann also renewed her motion for leave to

---

[1] Stahmann continues to struggle identifying the defendants she wishes to proceed against. Her spelling of the defendants' names is inconsistent, and she fails to identify their specific roles or job positions. The Court will assume that Eric Muellenbach and Micheal (possibly Michelle) Fink are both detectives in the Fond du Lac County Sheriff's Office. (ECF No. 6 at 5–6.) It will also assume Barbara Pierce and Kristen Menzel are prosecutors in the Fond du Lac County District Attorney's Office. (*See id.* at 10–11.) Stahmann does not specifically indicate whether she is suing the defendants in their individual or official capacities, but the allegations in her amended complaint allow the Court to infer that she is attempting to sue each in their individual capacities.

proceed IFP. (ECF No. 7.) This order addresses Stahmann's updated IFP motion and screens her amended complaint.

The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). Because Stahmann has once again failed to state any claims under federal law her amended complaint will be dismissed, this time with prejudice.

## THE MOVANT'S INDIGENCY

The Court denied Stahmann's initial motion for leave to proceed IFP because the information she provided failed to paint a clear picture of her financial situation. (ECF No. 5 at 1–2.) In response to the Court's request for more concrete information, Stahmann's second motion appears to offer a sarcastic response. She lists monthly expenses such as "whiskey $60.00" and "[h]air ties so I can work," "$5.00." (ECF No. 7 at 3.) In response to the prompt "[d]o you own any other property of value . . . ?," Stahmann asks "[d]oes Adult toys count?? $250.00." (*Id.* at 4.)

"Proceeding [IFP] is a privilege . . . ." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). Stahmann's references to alcohol and adult toys suggest a lack of respect for the process. The Court's ability to allow indigent defendants to proceed without prepaying the filing fee is an important judicial tool designed to increase access to the federal courts. Stahmann's response disrespects the Court and other litigants who legitimately demonstrate both their need for the Court's help in resolving their claims and their inability to afford the standard filing fee. The Court is tempted to deny her motion on this ground alone. But other information she provides suggests she is sufficiently indigent for a fee waiver. Because her complaint fails to state a claim, as explained below, her indigency is irrelevant and her motion will be denied.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where

the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

Stahmann's amended complaint contains more than 20 pages of handwritten narrative that is, like her original complaint, difficult to follow. She attaches police reports from the Fond du Lac County Sheriff's Department, however, and these reports provide some insight into the background behind her allegations. (ECF No. 6-1.) The reports show that Stahmann complained to Detective Muellenbach on October 21, 2021 about a "check that was stolen and cashed." (ECF No. 6 at 5.) She told him that "her $1,400.00 federal stimulus check was stolen and cashed in the City of Milwaukee." (ECF No. 6-1 at 5.) She claimed she needed a police report to give to the IRS in order to be sent a new stimulus check. (*Id.*) Detective Muellenbach told Stahmann, "[h]e would have to get a warr[a]nt for the check numbers and may take a few weeks." (ECF No. 6 at 5.)

Ultimately, however, the detective asked her to return to review a video he had collected from Walmart. (*Id.* at 5–6.) Detective Muellenbach reports that he matched the check information Stahmann provided with receipts from Walmart and was able to locate video of the person cashing the stimulus check. (ECF No. 6-1 at 7.) On October 29, 2021, Stahmann returned to the sheriff's office and watched the video with Detectives Muellenbach and Fink. (*Id.* at 6.) The video showed

a woman entering Walmart and walking up to the cashier. (*Id.*) Stahmann "stated that the female looked like [her] at first, but as [she] looked closer, realized it was not [her]." (*Id.*) The detectives, however, believed Stahmann was the woman in the video and that she was lying to them. (*Id.*)

Stahmann met with Detective Muellenbach again on December 2, 2021. (*Id.* at 8.) Stahmann claims she was shown a different video in this interview, with a "different time th[a]n the first video." (*Id.* at 9.) According to Detective Muellenbach's report, Stahmann "admitted she has the same exact sweatshirt as the female in the video," and also "admit[ted] that is her on the video walking into Walmart . . . ." (ECF No. 6-1 at 6.)

Stahmann's narrative then becomes harder to follow. She indicates charges were filed against her by someone named Kristen Menzel on July 20, 2022, followed by jumbled references to discovery, evidence, hearings, and probable cause.

According to Detective Muellenbach's reports, he requested "a Resisting/Obstructing an Officer charge" against Stahmann." (ECF No. 6-1 at 10.) Stahmann acknowledges this referral in her amended complaint, but also cites Wis. Stat. § 943.201, a Wisconsin criminal statute entitled "Unauthorized use of an individual's personal identifying information or documents." (*See* ECF No. 6 at 19.) Perhaps this statute was the basis for the charge(s) against her, but the Court cannot be certain based on the confused allegations in Stahmann's pleading. Stahmann alleges she was acquitted by a jury on September 11, 2023. (*Id.* at 16.) Interspersed throughout the complaint are allegations that suggest Stahmann believes Detectives Muellenbach and Fink lied and falsified evidence against her and prosecutors Menzel and Pierce used that false information to maliciously prosecute her. (*See id.* at 2–24.)

In the form attached to her narrative, Stahmann checked a box indicating she is suing Defendants for violating federal law under 28 U.S.C. § 1331 and seeks "punitive damages" of $2,500,000 per defendant "so their wrongful[] acts don't continue." (*Id.* at 4.) She states she was "wrongfully incarcerated for 98 days." (*Id.* at 22.) But, as with her initial complaint, she again does not identify any specific federal claims. Instead, she makes repeated reference to "false allegation," "falsification of records," "false statement," "police misconduct," "false testimony," "malicious prosecution," "negligence," and "fraud," sometimes generally and sometimes attached to a specific defendant. Stahmann alleges "malice and malicious pros[e]cution by all the defendants." (*Id.* at 24.)

# ANALYSIS

Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The well-pleaded rule requires that a federal question be 'apparent on the face' of the complaint." *Hero v. Lake Cnty. Election Bd.*, 42 F.4th 768, 775 (7th Cir. 2022) (quoting *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013)). Stahmann's amended complaint must be dismissed because she has not alleged any violations of federal or constitutional law over which the Court has subject-matter jurisdiction. While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot read federal claims that are not pleaded into Stahmann's complaint.

To the extent that Stahmann's jumbled narrative is sufficient to provide notice to the defendants of *any* claims against them, she asserts only violations of state law. Stahmann seems to claim that the defendant detectives and prosecutors conspired to maliciously prosecute her for a crime or crimes that she did not commit. Malicious prosecution is a tort under Wisconsin law. *See, e.g.*, *Monroe v. Chase*, 961 N.W.2d 50 (Wis. 2021). And "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). Stahmann's claims of "malice," "false allegation," "falsification of records," "false statement," "false testimony," and "police misconduct" all pertain to her claim for malicious prosecution, a claim she must pursue in state court. Similarly, negligence and fraud are both state law claims over which the Court lacks jurisdiction. *Schmidt v. Fuiks*, 796 F. App'x 316, 317 (7th Cir. 2020). Stahmann's amended complaint simply does not allege any federal or constitutional claims over which the Court has jurisdiction.

The Court has already given Stahmann the opportunity to file an amended complaint, and she used that chance to file a new pleading that came no closer to stating a claim under federal law than her initial complaint. Because Stahmann is alleging only violations of state law, further leave to amend would be futile. Accordingly, Stahmann's amended complaint will be dismissed with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").

Accordingly,

**IT IS HEREBY ORDERED** that Stahmann's motion for leave to proceed without prepayment of the filing fee, ECF No. 7, is **DENIED**.

**IT IS FURTHER ORDERED** that Stahmann's amended complaint, ECF No. 6, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge